**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 03-80712

ALLISON E. NELSON,

    Defendant.
                                              /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

Defendant Allison E. Nelson filed a motion asking the court to reconsider its order requiring Nelson to pay $23,792 in restitution. The Government contends that the restitution order is final and that the court does not jurisdiction to stop the Social Security Administration ("SSA") from withholding Nelson's benefits. The motion has been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2), (h)(2). For the following reasons, the motion will be denied.

**I. BACKGROUND**

From November 1995 to November 1999, Nelson was the representative payee for the Social Security Income ("SSI") checks for her two children. Even though these checks were sent to Nelson, her children were in the custody of their paternal grandmother. Instead of delivering the SSI checks to the grandmother and informing the SSA that the children were no longer in her custody, Nelson used the SSI checks for her personal benefit. Nelson illegally obtained $23,792.

Nelson pled guilty to one count of theft of public money in violation of 18 U.S.C. § 641. Nelson was sentenced to seven months imprisonment, followed by three years of supervised release, and was ordered to repay $23,729 in restitution to the SSA.

In June 2011, Nelson became eligible for SSI disability benefits based on her medical condition. Nelson was eligible for $463.34 in monthly benefits (her benefits were increased to $473.34 in January 2013). In July 2011, the SSA began withholding Nelson's benefits to offset the amount of money Nelson improperly received on behalf of her children. The SSA collected $ 8,930.04 from the offset.

On March 24, 2013, Nelson filed a motion requesting a hearing on the withholding of her SSI benefits. Nelson suggests that there has been a material change in her circumstances that warrants a change in the restitution order. Nelson asks this court to reconsider the order of restitution and stop the SSA from withholding up to 100% of her SSI benefits.

## II. DISCUSSION

### A. Restitution

The Mandatory Victims Restitution Act ("MVRA") requires defendants convicted of certain crimes to pay restitution. 18 U.S.C. § 3663. The ultimate goal of restitution is to fully compensate a victim for his loss. Therefore, a court should order an amount that is sufficient to fully compensate the victim and avoid considering the defendant's economic circumstances. 18 U.S.C. § 3664(f)(1)(a). However, once a restitution order has been imposed, the court may modify the order pursuant to § 3664(o). If there has been a material change in the defendant's economic circumstances that may affect the

defendant's ability to pay, then the court can modify the restitution order accordingly. § 3664(k).

Nelson seeks reconsideration of the restitution order and requests that the amount of restitution be reduced so that the SSA stops withholding her SSI disability benefits. However, once a restitution order has been established, it cannot be amended absent a showing of one of the factors in § 3664(o),[1] and none of the factors listed in § 3664(o) are applicable to this case. First, Nelson is not correcting an error in judgment according to Rule 35 of the Federal Rules of Criminal Procedure, and the time to file such a correction has passed. Second, Nelson is not appealing her sentence since she waived all appeals in her plea agreement. Third, Nelson is not seeking to amend the order under § 3664(d)(5). Finally, Nelson is not requesting to adjust the order according to §§ 3572 or 3613A. Thus, the order is final, and the court cannot modify the amount of restitution in the order.

Although the amount of restitution may not be modified, the payment schedule of a restitution order may be adjusted under § 3664(k). *United States v. Young*, No. 1:10-CR-00006-TBR-2, 2012 WL 4023773, at *2 (W.D. Ky. Sept. 12, 2012). However, Nelson's judgment does not contain a payment schedule for her restitution. Instead, the judgment calls for Nelson to pay the restitution "in full immediately." Restitution orders that mandate immediate payment "generally are interpreted to require not immediate

---

[1] Under § 3664(o), an order of restitution is a final judgment except that:
    (1) such a sentence can subsequently be
        (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
        (B) appealed and modified under section 3742;
        (C) amended under subsection (d)(5); or
        (D) adjusted under section 3664(k), 3572, or 3613A; or
    (2) the defendant may be resentenced under section 3565 or 3614.

payment in full but payment to the extent that the defendant can make it in good faith, beginning immediately." *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (citation omitted). Thus, the court cannot modify a non-existent payment schedule.

### B. SSI Benefits Withholding

The SSA is responsible for regulating and managing the payment of social security benefits. When a person has been overpaid the proper amount of benefits, the SSA can recoup the overpayment by demanding repayment or withholding benefits in an amount equal to the overpayment. 42 U.S.C. § 404(a)(1)(a). A person subjected to a withholding may seek an adjustment of withholding under § 404.502(c). For instance, if withholding of the benefits creates an economic hardship for the beneficiary, then the offset amount may be adjusted accordingly. § 404.502(c)(1). However, no adjustment is available if the overpayment was caused by an "individual's intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information." § 404.502(c)(2). In such cases, the SSA will recoup the overpayment pursuant to § 404.502(a)(1)(a), which allows the SSA to withhold all benefits until the balance is paid. § 404.502(c)(2).

Additionally, the SSA can withhold the monthly benefits of a recipient convicted of theft for fraudulently obtaining social security benefits even when there is a restitution order in place. *United States v. Brown*, No. 09-116, 2012 WL 75105, at *3 (W.D. Pa. Jan. 10, 2012). A restitution order from a criminal case does not limit the SSA's statutory or regulatory means of recouping losses caused by a defendant's wrongful acts. *Young*, 2012 WL 4023773, at *3. Moreover, if a plaintiff wishes to challenge a

4

withholding, the plaintiff must first exhaust her administrative remedies before seeking relief in court. *Brown*, 2012 WL 75105, at *4 (holding that a court lacks jurisdiction in social security cases absent a final agency decision from the Commissioner of Social Security).

Nelson asks this court to stop the SSA from withholding her monthly SSI benefits. However, Nelson pled guilty to one count of theft of public money as a result of her fraudulently obtaining SSI benefits. Even though a withholding may cause Nelson some financial difficulties, the SSA, pursuant to 20 C.F.R. § 404.502(c)(2), may withhold all of her monthly benefits to recoup the overpayment. The restitution order does not prevent the SSA from using its own regulatory powers to recoup its losses. Additionally, Nelson needed to exhaust her administrative remedies with the SSA before seeking relief from the court. Thus, the court is without jurisdiction to prevent the SSA from withholding Nelson's benefits.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's motion for reconsideration [Dkt. # 12] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: July 8, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 8, 2013, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522